UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LEE WEBBER , #258286,

       Plaintiff,

                                            CASE NO. 2:06-CV-11921
v.                                            HONORABLE MARIANNE O. BATTANI

STANDISH MAXIMUM PRISON,

       Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.      Introduction

      Before the Court is Plaintiff Daniel Lee Webber's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Standish Maximum Correctional Facility in Standish, Michigan. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that prison officers asked him to "snitch" on fellow prisoners promising him a television for his cooperation, that he did as requested, that he was subsequently raped, robbed, and assaulted by fellow prisoners, and that he was not given the promised television. Plaintiff names the Standish Maximum Prison as the defendant in this action. Plaintiff seeks appointment of a lawyer and seeks to pursue criminal charges against prison staff, as well as the prisoners who assaulted him. Having reviewed the complaint, the Court dismisses it for failure to state a claim upon which relief may be granted.

II.     Discussion

1

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. §§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to dismissal for several reasons.

First, Plaintiff has not sought relief that is available in a prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff has not asked for damages or injunctive relief, but rather for criminal

charges to be brought against prison staff and fellow prisoners.  Decisions regarding whom to criminally prosecute and what charges are to be brought generally rests within a prosecutor's discretion.  *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).  The Court cannot grant Plaintiff the relief he seeks.

Second, Plaintiff has failed to sue a proper defendant.  Plaintiff only names as a defendant the Standish Maximum Correctional Facility.  The Standish Maximum Correctional Facility is an institution operated by the Michigan Department of Corrections and is not a "person" or legal entity subject to suit under § 1983.  *See Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 2005 WL 826070, *1 n. 2 (3rd Cir. April 11, 2005); *Atkinson v. Hurley*, No.C-2-02-670, 2002 WL 31412441, *1 (S.D. Ohio Sept. 30, 2002) (citing *Foulks v. Ohio Dep't. of Rehab. & Corr.*, 713 F.2d 1229, 1232 (6th Cir. 1983)); *see also Taylor v. Doe*, No. C.A. 9:01-4118-25BG, 2002 WL 31996020, 6 (D.S.C. July 31, 2002) (a building is not a "person" subject to suit under § 1983).  While Plaintiff identifies "Administration-Staff" as the position of the defendant in his complaint, this is insufficient to specify a person subject to suit under 42 U.S.C. § 1983.  *See Connor v. Hurley*, No. 00Civ.8354LTSAJP, 2004 WL 885828, *2 (S.D.N.Y. April 26, 2004) (defendants identified as "Green Haven Correctional Facility (Medical Staff)" and "Green Haven Correctional Facility (Administration)" are not persons subject to suit under § 1983).  Thus, Plaintiff's complaint against the Standish Maximum Correctional Facility or Standish Maximum Correctional Facility/Administration-Staff is frivolous and must be dismissed.

Lastly, the Court is aware that Plaintiff identifies some prison official and staff members by name in the body of his complaint.  Plaintiff, however, has not named those individuals or

any others as defendants in this action.  The Court cannot do so for him, particularly since a prisoner plaintiff must exhaust administrative remedies as to each defendant named in a civil rights complaint.  *See Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003) (citing *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)); *see also Jones Bey v. Johnson*, 407 F.3d 801, 807 (6th Cir. 2005) (total exhaustion rule).  Because Plaintiff has failed to name as defendants the individuals whom he believes caused his injury, his complaint is subject to dismissal.  *See, e.g., Lopez v. Smith*, No. 97-16987, slip op. 12845, 12855 (9th Cir. Nov. 9, 1998).

III.    Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.  Accordingly, the Court **DISMISSES** Plaintiff's complaint.  This dismissal is without prejudice to Plaintiff filing a complaint arising from the same facts seeking appropriate relief and naming proper defendants.

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


  s/Marianne O. Battani
  MARIANNE O. BATTANI
  UNITED STATES DISTRICT JUDGE

DATED: May 10, 2006